10-566-cv
Priel v. Astrue

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of  December, two thousand eleven.

Present:
>           JON O. NEWMAN,
>           RALPH K. WINTER,
>           ROBERT A. KATZMANN,
> >                    *Circuit Judges.*

_____

RYAN J. PRIEL,

>           *Plaintiff-Appellant,*

>                    v.                                                        No.  10-566-cv

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

>           *Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | RAYMOND J. RIGAT, Clinton, Conn. |
| For Defendant-Appellee: | MICHELLE L. CHRIST, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *on the brief*), *for* William J. Hochul, Jr., United States Attorney for the Western District of New York |

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Ryan J. Priel appeals from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*) entered on January 19, 2010, affirming the determination by an Administrative Law Judge ("ALJ") that Priel was not disabled and was therefore ineligible for Disabled Adult Child and Supplemental Security Income benefits. On appeal, Priel contends that the ALJ's determination was not supported by substantial evidence because the ALJ (1) erroneously failed to accord controlling weight to the medical opinions of Priel's treating psychiatrist and nurse and (2) considered only Priel's ability to read and write, not the cumulative effect of his mental impairments, on his ability to work. Priel argues also that the ALJ improperly relied on a vocational expert witness's response to a hypothetical question that did not accurately reflect Priel's mental limitations. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"In reviewing the denial of [Social Security] benefits by the [Commissioner], 'our focus is not so much on the district court's ruling as it is on the administrative ruling.'" *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (alterations in original) (quoting *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998)) (internal quotation marks omitted). "It is not our function to determine *de novo* whether [a plaintiff] is disabled . . . ." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Instead, "[w]e set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa*, 168 F.3d at 77 (alterations in original) (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)) (internal quotation marks omitted).

2

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pratts*, 94 F.3d at 37 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted). We "may not substitute [our] own judgment for that of the [Commissioner], even if [we] might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

An individual is "considered to be disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Regulations enacted by the Social Security Administration set forth a five-step analysis for evaluating whether an individual's impairment meets this definition of disability.

> The first step in the process requires the Secretary to ascertain whether the claimant is currently engaged in "substantial gainful activity." . . . If the applicant is not engaged in such activity, the second step requires a decision whether the claimant's medical condition or impairment is "severe," *i.e.*, one that significantly limits his ability to work. . . .
>
> If the impairment is severe, step three requires a determination of whether the damage is of sufficient gravity to meet or equal the definitions found in the Listing of Impairments (the "Listings"). *See* 20 C.F.R. Part 404, Subpt. P, App. 1 (1987). . . . If, however, a claimant has a severe impairment that is not considered per se disabling under the Listings, step four compels the Secretary to ascertain his residual functional capacity ("RFC"), a measure of employment capabilities. . . . If the applicant is unable to perform his past work, he is then evaluated at the fifth step in the process, which requires a finding of whether, given his functional ability (RFC), age, education and past work experience, he could perform other jobs that exist in the national economy.

*State of N.Y. v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

We begin with Priel's contention that the ALJ's RFC determination was not supported by

substantial evidence on the ground that the ALJ erroneously failed to accord controlling weight to the medical opinions of Dr. Robert Young, his treating psychiatrist.  A treating physician's opinion is accorded "controlling weight" when it is "well[]supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial [record] evidence."  20 C.F.R. § 404.1527(d)(2).  Nevertheless, "[a] treating physician's statement that the claimant is disabled cannot itself be determinative."  *See Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).  It is the Commissioner who is "responsible for making the determination or decision about whether [the claimant] meet[s] the statutory definition of disability."  20 C.F.R. § 404.1527(e)(1).

Upon our review of the record, we conclude that the ALJ properly declined to accord controlling weight to the opinion of Dr. Young because it was inconsistent in material respects with other substantial evidence.  For example, Dr. Thomas Ryan, a consultative examiner, noted that Priel reported no depressive symptoms and that medication relieved his "paranoid ideation."  R. at 204-05.  He observed also that Priel was "generally cooperative," his speech was intelligible and his thought process was coherent without hallucinations, delusions or paranoia.  *Id.*  Dr. Herman V. Szymanski, the state agency psychiatrist, likewise found that Priel was able to understand and execute simple instructions, maintain concentration for an adequate period of time, relate to co-workers and supervisors and "adapt to routine changes in a low contact setting."  *Id.* at 451.  Dr. Wilberforce Tamaklo, a treating psychiatrist, noted that Priel's "level of lethality" was "[e]ssentially nil" and that Priel "will do very well if he continues to maintain sobriety."  *Id.* at 124.  Dr. Shabbir A. Chowdhury, another treating psychiatrist, noted that Priel's prognosis was "relatively fair if [he] remains medication compliant and addresses his polysubstance abuse."  *Id.* at 177.  The results of both Dr. Chowdhury's and Dr. Muhammad

4

Ali's mental status examinations were normal. In addition, Lynn Beltz, Priel's "job trainer," repeatedly noted that Priel was productive, worked with speed and efficiency, retained what he had learned and could follow instructions. She observed that Priel's employers, in turn, were satisfied with his work.

Priel does not dispute that the findings of Drs. Ryan, Szymanski, Tamaklo, Chowdhury and Ali and Ms. Beltz substantially support the ALJ's RFC determination and are materially inconsistent with Dr. Young's opinion. Moreover, the results of Dr. Young's "mental status examination" were normal; Priel was "alert and oriented" and "cooperative," and there were "no signs of psychosis, hallucinations or delusions." *Id.* at 461. Dr. Young further observed that Priel's cognitive ability was consistent with that of a person of "general intelligence" and was "certainly adequate for his work." *Id.* at 541. In these circumstances, we conclude that Dr. Young's opinion that Priel was disabled are "inconsistent with the other substantial [record] evidence." 20 C.F.R. § 404.1527(d)(2). Therefore, the ALJ properly declined to accord it controlling weight.

We turn next to Priel's argument that the ALJ failed to consider the cumulative effect of his impairments, including his schizoaffective disorder and learning disability. As an initial matter, the ALJ expressly found that Priel's schizoaffective disorder and "unspecified learning disability" constituted severe impairments. R. at 19. The ALJ noted also that he had considered Priel's mental impairments "singly and in combination." *Id.* Pursuant to the psychiatric review technique set forth at 20 C.F.R. §§ 404.1520a and 416.920a, the ALJ found that Priel's schizoaffective disorder was well controlled with Haldol. As for Priel's learning disability, the ALJ found, in view of a discrepancy between Priel's intelligent quotient scores and academic performance, that Priel was learning disabled. The ALJ's RFC determination was based upon an

5

evaluation of both medical and non-medical evidence and the "total limiting effects" of Priel's

medically determinable impairments. 20 C.F.R. §§ 404.1545(e), 416.945(e). In these

circumstances, Priel's contention that the ALJ failed to consider the cumulative effect of all of

his impairments is without merit.

Finally, we conclude that the hypothetical question addressed by Dr. Peter Manzi, a

vocational expert witness, accurately reflected Priel's vocational profile and RFC. In

determining Priel's RFC, the ALJ properly evaluated the entirety of the record, including both

medical and non-medical evidence, and discounted Dr. Young's opinion insofar as it conflicted

with other substantial evidence. At the same time, the ALJ properly declined to include in his

hypothetical question symptoms and limitations that he had reasonably rejected. *See, e.g.*,

*Dumas v. Schweiker*, 712 F.2d 1545, 1554 (2d Cir. 1983). Accordingly, the ALJ properly relied

upon Dr. Manzi's testimony in determining that Priel was not disabled.

We have considered Priel's remaining arguments and find them to be without merit. For

the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6